SURAMERICA DE ALEACIONES LAMINADAS, C.A., CONDUCTORES DE ALUMINIO DEL CARONI, C.A., INDUSTRIA DE CONDUCTORES ELECTRICOS, C.A., AND CORPORACION VENEZOLANA DE GUAYANA, PLAINTIFFS *v.* UNITED STATES, U.S. INTERNATIONAL TRADE COMMISSION, AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, AND SOUTHWIRE CO., DEFENDANT-INTERVENOR

Court No. 88-09-00726

(Dated April 29, 1993)

*Arnold & Porter (Patrick F.J. Macrory, Michael Faber, Claire E. Reade, Edward Sisson); Shearman & Sterling (Thomas B. Wilner, Jeffrey M. Winton)* for plaintiffs.

*Stuart E. Schiffer,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*M. Martha Ries, Michael Kane); Lynn M. Schlitt,* General Counsel, United States International Trade Commission; *James A. Toupin,* Assistant General Counsel, United States International Trade Commission (*Stephen A. McLaughlin, Carol McCue Verratti); Robert H. Brumley,* General Counsel, U.S. Department of Commerce for defendants.

*Wigman, Cohen, Leitner & Myers, P.C. (Victor M. Wigman, Ralph C. Patrick, Dorothy H. Patterson); McKenna, Conner & Cuneo (Peter Buck Feller, Lawrence J. Bogard)* for defendant-intervenor.

*Baker & McKenzie (William D. Outman II, Arthur L. George)* for General Electric Co., *Amicus Curiae* in support of plaintiffs.

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* Defendant United States International Trade Commission (the Commission) moved on April 27, 1993 for a Stay of the Remand Order (dated March 15, 1993) and Entry of Judgment pending appeal of this Court's decision contained in Slip Op. 93–35 (March 15, 1993) to the Court of Appeals for the Federal Circuit. In conjunction with this motion, the Commission has concurrently moved for an Order to Show Cause Why Response Time Should Not Be Shortened, requiring

each party to show cause why it is unable to respond to defendant's motion by April 30, 1993 or be precluded from filing with regard to defendant's motion for a stay.

This Court has required the Commission to issue its remand results within 60 days, *i.e.,* by May 14, 1993. The Commission has indicated that if this Court will not grant the stay, the Commission will seek a stay from the Court of Appeals for the Federal Circuit. As a reason for its April 30, 1993 deadline in the proposed Order To Show Cause, the Commission asserts that "[s]ubstantial delay of this Court's consideration of the Commission's motion might require the Commission to seek a stay from the Federal Circuit before this Court has acted * * *." *Motion of Defendant United States International Trade Commission for Order to Show Cause why Response Time Should not be Shortened* at 2.

Defendant has taken over a month to decide on a course of action that it expects the opposing parties to evaluate and answer, and the Court to evaluate and decide, within the space of a few days. Were the Court to grant defendant's Order to Show Cause concurrently with this order, plaintiffs would have two days to respond. This is patently unfair and good cause has not been offered by the defendant to justify the imposition of such a burden. Therefore, it is hereby

ORDERED that defendant's motion for an Order to Show Cause why Response Time Should not be Shortened is denied. Plaintiff shall have the normal response time prescribed by this Court's rules.